[No. A034202. First Dist., Div. Two. July 1, 1986.]

MT. DIABLO HOSPITAL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
JOSEPH F. STELLA et al., Real Parties in Interest.

**COUNSEL**

Peter W. Davis, James J. Marchiano, Robert Scarlett and Crosby, Heafey, Roach & May for Petitioner.

No appearance for Respondent.

Stephen J. Purtill for Real Parties in Interest.

## Opinion

**ROUSE, J.**—Petitioner, Mt. Diablo Hospital District (Hospital), seeks a writ of mandate requiring respondent court to set aside its order granting the motion of real parties, Joseph F. Stella and Leah Ann Stella, to compel production of documents at a deposition. The Hospital contends that the documents which the trial court ordered it to produce are immune from discovery under Evidence Code section 1157.[1]

On March 10, 1986, this court notified counsel for the parties in writing that if circumstances warrant the court may issue a peremptory writ in the first instance. (See Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180 [203 Cal.Rptr. 626, 681 P.2d 893].) Real parties have filed a memorandum of points and authorities in opposition to the Hospital's petition. No additional briefing is necessary to disposition of the petition, since we conclude that issuance of a peremptory writ in the first instance is appropriate.

Real parties filed a medical malpractice and products liability action against the Hospital, three physicians, Diablo Valley Radiology Group and 50 "Doe" defendants on February 29, 1984. Although the record provided to us does not disclose this, we are informed by counsel that Smith Laboratories, Inc., the manufacturer of a drug administered to real party Joseph Stella, was subsequently brought into the action in place of a Doe defendant.

Real parties' complaint alleged that Joseph Stella had engaged the defendants to minister to his medical needs; that he had been negligently treated and provided with defective drugs and chemicals; and that as a result he suffered injuries including quadriplegia and became unable to provide consortium to his wife, real party Leah Stella.

In its verified petition for a writ of mandate, the Hospital alleged that the underlying case involves the treatment of Mr. Stella for chronic lower back pain. A new form of treatment called chemonucleolysis was performed on him at the hospital. Chemonucleolysis involves injecting the drug chymopapain into the disc area of a patient's back.

---

[1]Evidence Code section 1157, subdivision (a), provides in pertinent part: "Neither the proceedings nor the records of organized committees of medical . . . staffs in hospitals having the responsibility of evaluation and improvement of the quality of care rendered in the hospital . . . shall be subject to discovery." Subdivisions (c), (d) and (e) of section 1157 contain exceptions to this protection from discovery which have no relevance to this proceeding.

All further statutory references are to the Evidence Code unless otherwise specified.

The petition further alleged that numerous standing and special medical staff committees have been established to evaluate and improve the quality of medical care rendered in the Hospital. One of those committees, the Ad Hoc Chymopapain Committee, was established to evaluate and approve standards for granting physician privileges to use chemonucleolysis as a treatment at the Hospital. This committee considered and approved the use of chemonucleolysis and set forth standards for the granting of privileges to use the procedure. These standards were then considered and approved by four other medical staff committees—the Orthopedics Department, the Surgery Department, the Credentials Committee and the Executive Committee.[2]

A copy of the standards which the medical staff committees developed for chemonucleolysis treatment was provided to real parties in the course of discovery. However, through a subpoena duces tecum issued for the taking of the deposition of Deborah Kolhede, the Hospital's manager of medical staff services, real parties also sought to compel production of the minutes of the five committees which had approved the standards for the time period January 1983 forward.

In accordance with the Hospital's contention that those minutes are protected from discovery by section 1157, Kolhede refused to produce the minutes in question. Real parties then filed a motion to compel production of the documents. Following a hearing, the trial court granted the motion. The court expressed its view of the matter at that hearing as follows: "Philosophically, I am opposed to all of 1157 because I think it's inappropriate. I do think it's restricted to medical care by persons but not to whether or not a product should be used . . . ." The order granting the motion to compel was entered on February 20, 1986.

■■■■ ■■ The Hospital contends that the trial court's order is erroneous because the minutes of a medical staff committee having responsibility for the evaluation and improvement of quality of care rendered

---

[2]Although two of these entities are apparently called "departments" rather than "committees," the verified petition alleges that they are medical staff committees which have the responsibility of evaluating and improving the quality of care at the hospital. Real parties have not disputed this and, in fact, refer to all of these entities as "committees" in their points and authorities filed herein. For purposes of this proceeding, we will assume that all of these entities are medical staff committees. Upon remand, however, the trial court may, in its discretion, afford real parties an opportunity to attempt to refute the Hospital's assertion that the Orthopedics "Department" and the Surgery "Department" are medical staff committees.

in a hospital are clearly protected as "records or proceedings" of such committee under section 1157.[3] We agree.

Real parties do not claim that the minutes of a committee covered by section 1157 are not "records or proceedings." Rather, they contend that the protection of section 1157 applies only to "peer review" of the past performance of human beings and not to "product review," and that they are entitled to know what investigation, if any, the Hospital conducted to determine the safety and efficacy of the drug Chymodiactin (chymopapain)[4] prior to allowing doctors to use it at the Hospital.

In *Santa Rosa Memorial Hospital* v. *Superior Court* (1985) 174 Cal.App.3d 711, 719-721 [220 Cal.Rptr. 236], this court recently held that the applicability of section 1157 is not limited to physician peer review. By its express language, the section applies to committee records and proceedings relating to the evaluation and improvement of the quality of care rendered in the hospital. Just as the contention in *Santa Rosa* that the statute protects only physician peer review was untenable, the contention here that the statute protects only evaluation of the past performance of human beings is untenable. The statute does not so provide. The terms "evaluation and improvement of the quality of care rendered in the hospital" cannot reasonably be construed to exclude consideration of standards for new physician treatments and drug care.[5]

Real parties contend that the Hospital had a duty to investigate chymopapain and establish criteria for granting chemonucleolysis privileges, and that denial of discovery of the minutes in question will inhibit their ability to prove a breach of this duty. They analogize to *Elam* v. *College Park Hospital* (1982) 132 Cal.App.3d 332, 346 [183 Cal.Rptr. 156], which held that "a hospital is accountable for negligently screening the competency of

---

[3]Following filing of the petition and opposition herein, this court was informed by counsel for the parties that real parties and the Hospital have settled the underlying litigation between them. Counsel for both the Hospital and real parties have also informed us, however, that real parties will continue to seek production of the committee minutes in connection with the ongoing litigation against defendant Smith Laboratories, Inc., and urge that we decide the issues presented herein. We do so since it appears that the settlement as to the Hospital does not render moot the discovery question involved in this proceeding.

[4]The record before us indicates that Chymodiactin is the name under which Smith Laboratories markets the drug chymopapain.

[5]Real parties contend that the word "rendered" in section 1157 is in the past tense and that therefore the protection afforded by the statute relates only to evaluation of care previously rendered. This argument is frivolous. The statute refers to committees which also have responsibility for *improvement* of the quality of care rendered. Obviously, care can only be improved prospectively, for that which has already been rendered cannot be changed. Thus the statute encompasses consideration of care *to be* rendered as well as that which has been rendered.

its medical staff to insure the adequacy of medical care rendered to patients at its facility.''

The scope of the Hospital's duty in this respect is not before us here. ■ ■ ■ ■ ■ However, assuming that real parties can establish the duty they seek to impose, they must discover evidence regarding any breach thereof from sources other than protected committee records and proceedings.[6] As we noted in *Santa Rosa,* "Section 1157 obstructs enforcement of *Elam* when it restricts access to evidence which may be necessary to prove that a defendant hospital has breached its duty to assure the quality of the medical care rendered within its walls. The impediment genuinely exists, however, only to the extent that a hospital may properly carry out the duty enunciated in *Elam* through its medical staff committees." (174 Cal.App.3d 711, 722.)

Finally, real parties contend that, if we find the trial court's ruling erroneous, we should direct it to hold an in camera hearing to determine whether the documents sought are in fact protected. We disagree. "Certain types of information are so clearly within the exclusive sphere of a protected medical staff committee . . . that section 1157 can be found applicable without extensive judicial inquiry." (*Santa Rosa, supra,* 174 Cal.App.3d 711, 727.) We deem minutes of protected committees to constitute such information.

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of February 20, 1986, insofar as that order granted the motion of real parties to compel production of the minutes of the Ad Hoc Chymopapain Committee, the Credentials Committee and the Executive Committee, and to enter an order denying the motion to compel production of the minutes of such committees. The peremptory writ shall also direct that unless respondent court determines in further proceedings that the Orthopedics Department and the Surgery Department are not medical staff committees,[7] it shall vacate the remaining portion of its order of February 20, 1986, which granted the motion to compel production of the minutes

---

[6]Real parties also contend that they are entitled to a "yes" or "no" answer to the question whether the hospital did conduct an investigation. We agree. (See *Santa Rosa Memorial Hospital* v. *Superior Court, supra,* 174 Cal.App.3d 711, 728-730; *Brown* v. *Superior Court* (1985) 168 Cal.App.3d 489, 501-502 [214 Cal.Rptr. 266].) The obtaining of such an answer from the hospital administration is, however, unrelated to the issue of obtaining committee minutes.

[7]We do not believe that such a determination would likely require an in camera hearing, as it would generally be based upon unprotected evidence such as documents showing the organizational structure of the Hospital, bylaws of the medical staff and testimony of hospital personnel as to the functional organization of the Hospital.

of those committees, and enter an order denying the same. Petitioner shall recover its costs incurred in this proceeding.

Kline, P. J., and Smith, J., concurred.